I respectfully dissent.
There were three separate writings produced by the parties pertaining to the contents of the contract. The first is a letter dated May 22, 1989, from Quinn to plaintiff. This letter states:
 I spoke to Andrea today and she suggested I summarize [our] new arrangements in a letter for your file * * *.
During our telephone conversation last Monday, May 15 you and John and I agreed to resolve all prior open issues of both oral understandings and draft agreements between us and that I would serve as a consultant to [plaintiff].
 The letter then goes on to set forth the terms of the agreement between the parties, including job duties, compensation, a provision whereby plaintiff would indemnify Quinn in one lawsuit, and the provision at issue herein whereby plaintiff would pay Quinn's attorneys' fees in relation to the Cardinal Federal litigation. Additionally, the letter addressed the duration of the contract and proposed a termination procedure. The proposed termination provision specifically stated that "[e]arly termination would not effect legal expense indemnities relating to the CFSB contract dispute."
The second letter was from plaintiff to Quinn. It was dated June 1, 1989, and stated:
 I have reviewed your letter of May 22 attempting to summarize our conversation of the previous week. As there may have been a few items about which we are not in agreement, I thought I would drop you a note clarifying our position relative to each of these items.
The June 1 letter went on to address some of the terms of the agreement set forth originally by Quinn in the May 22 letter, including the issues of attorneys' fees and termination.
On June 21, 1989, plaintiff sent Quinn another letter, which was signed "ACCEPTED" by Quinn. The June 21 letter stated:
 This supplements my letter of June 1, 1989 following the conference call among you, Roger and me this week past. We hereby modify that earlier letter relative to our refusal to indemnify you with respect to any potential litigation originated by Mr. Gannon. * * *
It is our understanding that the three of us have reconfirmed all of the other provisions of the June 1, 1989 letter, which is attached hereto.
Neither party disputes the effectiveness of the June 21 and June 1 letters. The June 21 letter is signed by both parties and expressly incorporates the provisions of the June 1 letter. Instead, the dispute is whether the reimbursement clause contained in the attorneys' fees provision can survive the termination of the contract.
It is well established in Ohio that "[s]everal writings, though made at different times, may be construed together, for the purpose of ascertaining the terms of a contract." Thayer v. Luce
(1871), 22 Ohio St. 62, paragraph one of the syllabus. "If some only of such writings be so signed, reference must be specifically made therein to those which are not so signed; but if each of the writings be so signed, such reference to the others need not be made, if, by inspection and comparison, it appear that they severally relate to or form part of the same transaction." Id. at paragraph two of the syllabus. In this case, the June 1 letter specifically refers to the May 22 letter and was signed by Quinn. As such, the May 22 letter should be incorporated into the contract.
Because the June 1 letter specifically states that it is only clarifying the unacceptable portions of the May 22 letter, the plain language of the contract dictates that any provisions of the May 22 letter that are not directly contradicted by the June 1 letter are agreed upon by the parties and expressly incorporated into the June 1 letter. Additionally,
 [w]hen a written agreement consists of more than one distinct writing or contract, the different provisions of all the parts should be given due weight in ascertaining the intended meaning of any portion of the same; but if the language is clear and distinct, and the plain and obvious meaning of the words is consistent with the whole instrument, such meaning must be taken as the intended meaning of the parties, unless other parts of the agreement not only admit of, but require, a different construction.
Railroad Co. v. Railway Co. (1886), 44 Ohio St. 287, paragraph two of the syllabus. The provision in the May 22 letter whereby termination is said to have no effect on the Cardinal Federal indemnification provision is clear and distinct and is not directly contradicted by any other part of the contract. In fact, as so aptly argued by the appellee herein, the June letters never address this issue. Therefore, the provision in the May 22 letter whereby termination is said to have no effect on the Cardinal Federal indemnification provision should be taken as the intended meaning of the parties and included in the contract. As such, the termination of the contract should not have terminated Quinn's obligation to reimburse plaintiff.